UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**ROBERT PAUL TAYLOR**                                  **CASE NO. 3:21-CV-03295**

**VERSUS**                                                            **JUDGE TERRY A. DOUGHTY**

**BAYOU CORRECTIONAL CENTER, ET AL.**    **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

Pending is a Motion for Judgment on the Pleadings [doc. #49] filed by pro se Plaintiff Robert Paul Taylor ("Taylor").[1] For the following reasons, IT IS RECOMMENDED that the motion be DENIED.

*Factual Background and Allegations and Procedural History*

On September 14, 2021, Taylor filed a 36-page complaint [doc. #1], later amended [doc. #9], in which he asserts civil rights claims against Defendants Bayou Correctional Center, L.L.C.; Alvin "Chip" Sullivan; Todd Beene; Edwin Mobley; Robert Hanlin; the former Madison Parish Sheriff, Larry G. Cox, in his official capacity; the current Madison Parish Sheriff, Sammie L. Byrd,1 in his official capacity; the City of Tallulah; the Louisiana Sheriffs' Association, Warden J. Bonney in his individual and official capacities; Derek Batiste in his individual and official capacities; Officer Baldwin in his individual and official capacities, Captain Coleman in

---

[1] The Clerk of Court construed the Motion for Judgment on the Pleadings as a motion for leave to file a motion for judgment on the pleadings. However, there is no requirement that Taylor seek leave to file this motion.

his individual and official capacities; Nurse Whitney in her individual and official capacities; Sandi Gayle; Captain Burr; Captain Johnson; Corporal Washington; and "Defendants' Insurer."

On December 7, 2021, the undersigned issued a Report and Recommendation, recommending that the following be dismissed with prejudice:

(1) Plaintiff's retaliation claims;

(2) Plaintiff's failure-to-train, failure-to-supervise, failure-to-classify, and understaffing claims;

(3) Plaintiff's Section 1983 medical care claims—with the exception of the claim against Whitney, Sullivan, Bonney, Coleman, Batiste, and Baldwin that they failed to render care after observing him "in the fourway cell when [he] was unresponsive[,] semi-conscious[, and] suffering from [a] serious medical condition";

(4) Plaintiff's conspiracy claims;

(5) Plaintiff's claims concerning the failure to investigate, and respond to, his administrative procedure letters and requests;

(6) Plaintiff's claims against BCC, the City, and Sheriff Byrd—with the exception of any state law vicarious liability claims;

(7) Plaintiff's claims against Defendants Gayle, Burr, Johnson, and Washington;

(8) Plaintiff's claims on behalf of another prisoner;

(9) Plaintiff's claims against Sheriff Cox;

(10) Plaintiff's contractual claims; and

(11) Plaintiff's claims against the Louisiana Sheriffs' Association.

[doc. #11]. The undersigned further recommended Taylor's remaining claims be retained. On December 27, 2022, Judge Doughty adopted the Report and Recommendation [doc. #13], and these claims remain pending.

Bayou Correctional Management Co., LLC, ("Bayou") has since appeared int his matter and been substituted for the incorrectly named Bayou Correctional Center LLC. Likewise,

2

Defendant Edwin Moberley ("Moberley") has appeared and been substituted for the incorrectly named Edwin Mobley.

On February 3, 2022, Bayou filed a Motion for Summary Judgment [doc. #18], accompanied by a declaration from now-Warden Bonney.

In addition to opposing the Motion for Summary Judgment, Taylor filed the flurry of motions, including this one. The remaining motions have been resolved by the undesigned by memorandum order. However, this motion seeks dispositive relief.

### *Motion for Judgment on the Pleadings*

Taylor contends that he cannot obtain cooperation from Defendants' counsel nor can he get a reply to his 12 letters, 2 emails, and messages from his "associate" to counsel's offices in St. Joseph and Tallulah, Louisiana. For this reason, he moves the Court to close the pleadings so as "not to delay trial" and to grant him judgment on the pleadings.

A motion for judgment on the pleadings is brought pursuant to Federal Rule of Civil Procedure 12(c) which provides: "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). However, in this case, Defendants do, in fact, contest Taylor's allegations. Likewise, Taylor has vehemently objected to Defendants' recitation of facts and has attacked them in multiple filings. Accordingly, judgment on the pleadings is not appropriate.

3

Further, to the extent that Taylor seeks judgment on the pleadings as a sanction for some type of discovery abuses, a motion for judgment on the pleadings is not appropriate vehicle for those sanctions. If Taylor contends that Defendants are failing to comply with the undersigned's December 28, 2021 Memorandum Order [doc. #12], then he should file a motion to compel, identifying specifically how Defendants have failed to comply, what steps he has taken to resolve the dispute, and what relief he seeks. All parties should be following the procedures set forth in that Memorandum Order.[2]

### *Conclusion*

For the foregoing reasons, IT IS RECOMMENDED that Taylor's Motion for Judgment on the Pleadings be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United*

---

[2] The Clerk of Court is requested to provide another copy of that order to Taylor along with the copy of this Report and Recommendation.

*Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers, Monroe, Louisiana, this 18th day of May, 2022.

                                                KAYLA DYE MCCLUSKY
                                  UNITED STATES MAGISTRATE JUDGE